UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOLLISTER GEORGE, | ) | 1:09-CV-535 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER STAYING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS PENDING APPEAL OF |
| v. | ) | PREVIOUS PETITION |
| | ) | |
| | ) | |
| KEN CLARK, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Hollister George (hereinafter "Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    The Magistrate Judge issued a Findings and Recommendations on August 11, 2010, recommending that the petition for writ of habeas corpus be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendations was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order and any reply to the objections were to be served and filed within ten court days after service of the objections.

    On September 8, 2010, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. Respondent failed to file a reply to the objections.

    The instant petition for writ of habeas corpus challenges the Board's denial of parole in 2008. Petitioner had previously challenged the Board's decision to deny him parole in a 2006 hearing (Case No. 08-CV-132). The Court had previously found that Petitioner was entitled to habeas corpus relief

and granted Petitioner release. Respondent has appealed this decision to the Ninth Circuit Court of Appeals (Case No. 10-16418). In light of the Court's disposition of the previous case, the Court finds that a stay of the instant petition pending the appeal in Case No. 10-16418 is appropriate as the Ninth Circuit's adjudication may render this instant petition moot.

A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution. *E.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit. *Id.* A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting *Spencer*, 523 U.S. at 7). The burden of demonstrating mootness is a heavy one. *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (citations omitted). Here, if the Ninth Circuit affirms the Court's disposition of Petitioner's earlier habeas corpus petition, this petition would be moot as there would no additional relief the Court could provide Petitioner.

Accordingly, IT IS HEREBY ORDERED that this matter is STAYED pending the Ninth Circuit disposition of Petitioner's previous habeas petition (Ninth Circuit Case No. 10-16418, District Court Case No. 1:08-CV-132). Respondent is to notify the Court within ten days of the Ninth Circuit disposition of the aforementioned appeal.

IT IS SO ORDERED.

Dated: November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE